THRASHER v. BACIK.

1. APPEAL AND ERROR—LEAVE TO APPEAL—JUDGE'S CERTIFICATE.
    Appeal as of right in suit to dissolve partnership and for an
    accounting is dismissed, where it had been decreed that de-
    fendant owed plaintiff $341.81, trial judge's certificate that
    .amount involved was in excess of $3,000 was factually un-
    supported by the record, court rule then provided that leave
    was required in the event that final orders were not appealable
    as a matter of right, and no leave to appeal had been sought
    (GCR 1963, 806.2[1]).

2. COSTS—DISMISSAL OF APPEAL.
    No costs are allowed on *sua sponte* dismissal of appeal, where
    appeal had been taken as of right, and appellant was not en-
    titled to appeal as of right.

Appeal from Jackson; Dalton (John C.), J.  Sub-
mitted May 5, 1964.  (Calendar No. 37, Docket No.
50,421.)  Decided September 2, 1964.  Rehearing
denied October 6, 1964.

Bill by Helen Thrasher against Frank Bacik for
dissolution of partnership and for accounting.
Judgment for plaintiff.  Defendant appeals.  Appeal
dismissed.

*Kelly, Kelly & Kelly (William J. Kelly,* of coun-
sel), for plaintiff.

*Haskell L. Nichols* and *Bruce A. Clark,* for de-
fendant.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 309.
[2] 5 Am Jur 2d, Appeal and Error §§ 918, 1013.

PER CURIAM. Plaintiff brought suit in chancery for dissolution of a partnership with defendant and for an accounting by him of plaintiff's share of the profits and assets of the business. A decree was entered declaring the partnership to have been dissolved on January 31, 1960, the day plaintiff left the partnership business, and that there was owing to her as her share of partnership profits and assets as of that date the sum of $341.81. Plaintiff appealed as a matter of right, claiming she was entitled to a share in the partnership's profits from the date of dissolution to the date of judgment, which was March 15, 1963.

In July of 1963 when plaintiff filed her claim of appeal, GCR 1963, 806.2(1)* required our leave before appeal could be taken from an order or judgment which did not involve in excess of $3,000. There was provision in the rule whereby, if the order or judgment did not on its face indicate the amount necessary to qualify the case for appeal as of right, the trial judge could certify that the controversy involved more than $3,000. Judge Dalton did so certify in the case at bar and, on the strength of that certificate, plaintiff's claim of appeal was accepted by our clerk.

Last October a member of this Court had our clerk inquire of counsel for the parties where in the record there could be found any support for Judge Dalton's certification of the fact that the controversy involved

---

* GCR 1963, 806.2(1) then provided:
'2. Appeal by Leave. Leave to appeal shall be required in the following matters:
"(1) Final orders or judgments for money or property rights involving not in excess of $3,000. If a final judgment or order does not on its face indicate that in excess of $3,000 is involved, it shall be presumed for purposes of this sub-rule that the amount involved is not in excess of $3,000, unless the trial judge certifies that the controversy involves more than $3,000."

Since March 1, 1964, all appeals are now by leave granted except for appeals in certain criminal matters. See 372 Mich xvii *et seq.*

in excess of $3,000. Plaintiff's counsel responded to the inquiry by reference only to the page in the printed appendix on which the judge's certification itself appears. Defendant's response ignored the inquiry. Unfortunately, we did not then dismiss the appeal *sua sponte* on the ground that the record failed to support the certification of fact made with reference to the amount involved and, hence, that appeal was taken improperly without our leave.

Our failure to dismiss this appeal promptly should not deter our doing so now. GCR 1963, 806, as originally promulgated, limited appeals as of right to this Court simply because, as the only appellate court in this State, there was not sufficient time to permit us to review every case in the State desired to be appealed by an aggrieved litigant. Hard choices had to be made by this Court in order to make certain that appeal as of right would be available in all major civil and criminal cases. To accomplish this purpose we concluded that we could not allow appeal except upon granted leave in those civil controversies which did not involve in excess of $3,000.

We find nothing in this record from which it could be said that the controversy involves in excess of $3,000; the factually unsupported certification of the trial judge to the contrary notwithstanding. Had plaintiff applied for leave to appeal, as she would have been entitled to do, it is unlikely we would have granted such leave considering the vast numbers of appeals that were then being taken legitimately as a matter of right and the many applications for leave to appeal we were reviewing daily which merited our grant of leave more than do the facts and circumstances of plaintiff's case. Plaintiff had no right, on the sole strength of an improper certification by the trial judge, to usurp the time of this

Court to which some other aggrieved litigant legitimately was entitled.

Appeal dismissed. No costs.

KAVANAGH, C. J., and DETHMERS, BLACK, SOURIS, and ADAMS, JJ., concurred.

O'HARA, J. (*concurring in result*). In my view the time to inquire into a trial judge's certification of the amount in controversy on appeal is when an appeal of right is taken. This was done by our clerk and the replies received. If we were to dismiss the appeal we should have done it then, not after appellee prepared, printed, and filed a brief and the case was argued before us orally.

I concur in the result because it is the result I would have reached by decision on the merits.

KELLY, and SMITH, JJ., concurred with O'HARA, J.